JUSTICE RICE
dissenting.
¶45 I dissent.
¶46 In this decision, the Court continues its deliberate emaciation of Rule 404(b), Mont.R.Evid. There is little that remains of the Rule. Further, without saying so, the Court overrules many virtually indistinguishable cases, such as State v. Eiler (1988), 234 Mont. 38, 762 P.2d 210, in which the Court validated the kind of evidence offered here.
¶47 The Court completely removes “plan” from Rule 404(b). There is no further need for the word to exist within the Rule, because its particular meaning has been deleted. Despite the Rule’s specific mention of the word, the Court, finding the word used within the definition of “common scheme” found at § 45-2-101(7), MCA, eliminates the independent meaning of “plan,” holding in ¶16 that “plan” is identical with, and has been subsumed by, the term “common scheme.” To the contrary, these terms are not synonymous. “Plan” is different and narrower than “common scheme.” The word as used within Rule 404(b) authorizes introduction of other crimes or wrongs for the purpose of establishing an actor’s preparation, design or motive. The Rule does not require proof of a “series of acts” which is implicated within a “common scheme.”
¶48 The Court then further narrows Rule 404(b) by grafting the statutory definition of common scheme within the Rule itself:
[F]or Rule 404(b) purposes we conclude that proof of mere similarity of crimes is insufficient, on a stand alone basis, to demonstrate a “common purpose or plan that results in the repeated commission of the same offense.” Rather, application of this [statutory] definition of common scheme also requires showing that the crimes occurred within a time frame that supports the conclusion that the similar offenses were committed to achieve a common purpose or plan related to the commission of the current charges. [¶ 26]
Thus, the Court now requires that Rule 404(b) evidence establishing *418 “plan” must consist of: similar offenses-committed near in time-for the purpose of achieving a common scheme (see statutory definition in § 45-2-101(7), MCA)-that was specifically “related to the commission of the current charge.” See ¶ 26. Regrettably, the Court has restricted the application of Rule 404(b) to a very limited set of circumstances that bears little relation to the Rule’s intended purpose and historical application. The Court offers no authority which mandates such a holding, nor any reason to eradicate the simple concept of “plan” from the law, only satisfying its continuing desire to eliminate the introduction of similar evidence in criminal cases as a matter of policy preference, evident by its ever-increasing constriction of the Rule.
¶49 The sexual crime committed against the young girl by the defendant in this case was remarkably similar to the defendant’s previous violation of another young girl, similar in age, within similar family relations, in a similar location of the house, with a similar tactic to isolate the girl, involving similar sexual actions, engaging in a similar long term pattern of sexual abuse of the child, during the next consecutive marital period of the defendant. For this Court, however, that is not similar enough.
¶50 If I were intent on changing the Rule to reflect a policy preference, I would first consider the enormous challenge faced by a young, vulnerable, abused child who must carry the evidentiary load for the State in what is often a “my word against yours” trial against a manipulative defendant who held a position of trust over the child. After that child has borne the burdens which our system must necessarily place upon her to testify against the defendant, and in the face of the defendant’s denial of the charge, I would allow the State to introduce evidence of a defendant’s extremely similar abuse of another child to demonstrate the very specific plan he also used to abuse this child, as well as to demonstrate his motive for the crime, and his knowledge of his crime, an element the State must prove. In so allowing, a legitimate public policy would be served, and further, the intended purpose of Rule 404(b) would be fulfilled.
¶51 I would reverse the District Court and affirm the jury’s verdict convicting the defendant herein.